COOLEY LLP
PATRICK E. GIBBS (183174) (pgibbs@cooley.com)
TIJANA BRIEN (286590) (tbrien@cooley.com)
3175 Hanover Street
Palo Alto, California 94304-1130
Telephone:   +1 650 843 5000
Facsimile:   +1 650 849 7400

Attorneys for
Shane Goudey

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: SEC SUBPOENA TO SHANE GOUDEY<br><br>IN CONNECTION WITH:<br><br>SECURITIES AND EXCHANGE COMMISSION<br><br>       *Plaintiff*,<br><br>    v.<br><br>STUART FROST AND FROST MANAGEMENT COMPANY, LLC<br><br>       *Defendants*. | Case No.<br><br>**SHANE GOUDEY'S MOTION TO QUASH SUBPOENA AND FOR PROTECTIVE ORDER**<br><br>Date:      TBD<br>Time:     TBD<br>Courtroom: TBD<br>Judge:    TBD |

# NOTICE OF MOTION AND MOTION

**TO ALL PARTIES AND THEIR COUNSEL OF RECORD:**

**PLEASE TAKE NOTICE** that on _____ (day and time to be determined by the Court), or as soon thereafter as this matter may be heard, in a Courtroom to be determined, located in the United States District Court for the Northern District of California, San Jose Courthouse, 280 South 1st Street, San Jose, CA 95113, Shane Goudey will and hereby does move this Court for an order, pursuant to Fed. R. Civ. P. 45(d) and Fed. R. Civ. P. 26(c), quashing the Subpoena to Testify at a Deposition in a Civil Action (the "Subpoena") served upon it by Plaintiff, the Securities and Exchange Commission ("SEC"), in *Securities and Exchange Commission v. Frost, et al.*, Case No. 8:19-cv-01559-JLS-JDE, pending in the United States District Court for the Central District of California (the "underlying action").

For the reasons set forth in the attached Memorandum of Points and Authorities in Support, as well as the accompanying Declaration and attached Exhibits, and any argument advanced at the hearing on this Motion, the Court should quash the subpoena at issue and grant a protective order barring the SEC from taking Mr. Goudey's deposition.

Dated: April 22, 2021                                      COOLEY LLP

                                                           By: */s/ Patrick E. Gibbs*
                                                               Patrick E. Gibbs

                                                           Attorneys for
                                                           Shane Goudey

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.   INTRODUCTION**

Third party witness Shane Goudey respectfully requests that the Court quash the Subpoena served on him by the SEC on April 6, 2021.  The SEC served the Subpoena after it requested and received an extension of the fact discovery cutoff in the underlying action to depose several potential witnesses, including Mr. Goudey, who were added to Defendants' initial disclosures on the last day of fact discovery.  Mr. Goudey, a partner with the law firm of Cooley LLP, provided legal services to one defendant and certain affiliated fund entities, and the SEC has expressed a concern that the Defendants may assert an "advice of counsel" defense.  Since the Subpoena was served, however, the Defendants have confirmed in writing that (1) they do not intend to assert an "advice of counsel" defense and (2) will not call Mr. Goudey as a witness.  As such, the stated reason for the Subpoena (and the SEC's request for an extension of the fact discovery cutoff) no longer exists.

Indeed, in its initial meet and confer discussions with Mr. Goudey's counsel, the SEC represented that, if the defendants in the underlying action (the "Defendants") would commit not to call Mr. Goudey as a witness, the SEC would have no need to take Mr. Goudey's deposition. But after Mr. Goudey's counsel had accepted service of the Subpoena based on that representation, and as soon as Defendants made precisely that commitment, the SEC moved the goalposts and said that it would nevertheless proceed with Mr. Goudey's deposition unless the Defendants made a series of additional commitments about testimony Defendants would offer from witnesses other than Mr. Goudey, and even about what positions Defendants' counsel would take at trial.  The Defendants have declined to make any further commitments.

Mr. Goudey, of course, takes no position on the question of what evidence Defendants should be allowed to present at trial, or what type of notice the SEC is entitled to receive in advance of trial, but one thing is clear:  None of this has anything to do with any effort to elicit discoverable information from Mr. Goudey as a third party witness.  Neither side has suggested that Mr. Goudey possesses any information that is reasonably calculated to lead to the discovery of admissible evidence, much less that is actually relevant to the case.  Indeed, given Mr. Goudey's limited role

as counsel for one of the Defendants and certain affiliated funds, any information he does possess is likely to be protected by the attorney-client privilege. As such, the most likely outcome of the deposition is that the SEC will ask a series of questions that will elicit instructions not to answer on privilege grounds. In meet and confer discussions, the SEC has acknowledged as much and indicated that it wants to use those instructions not to answer as a way to prevent Defendants from presenting certain evidence and arguments at trial. In other words, rather than seeking to elicit discoverable information, the SEC is hoping to use Mr. Goudey as a prop in its effort to limit the scope of the testimony and arguments that Defendants can offer at trial. That is not a proper purpose to burden a third party with a deposition. Accordingly, Mr. Goudey respectfully requests that this Court quash the subpoena and enter a protective order prohibiting the SEC from taking his deposition.

## II.   FACTUAL BACKGROUND

### A.   The Underlying Action

On August 13, 2019, the SEC filed a complaint against Stuart Frost ("Frost") and Frost Management Company, LLC ("FMC"). (Declaration of Patrick E. Gibbs In Support of Shane Goudey's Motion to Quash SEC Subpoena ("Gibbs Decl."), Ex.[1] 1 (Complaint).) The complaint alleges that FMC, in its capacity as an investment advisor and Frost as FMC's sole owner, defrauded several private venture capital funds by "charging undisclosed and excessive incubator fees to start-up companies in which the funds invested, in violation of their fiduciary duties as investment advisers." (*Id.* ¶ 4).) On February 21, 2020, Defendants filed an answer, denying the SEC's claims. (Ex. 2 (Answer).)

On April 8, 2020, the Honorable Josephine L. Staton set a case schedule, with fact discovery concluding on December 11, 2020. (Ex. 3 (4/8/2020 Scheduling Order) at 1.) On October 28, 2020, the court granted in part the parties' stipulation to extend pre-trial deadlines in the case. (Ex. 4 (10/28/2020 Scheduling Order) at 2.) In refusing to grant the full length of the requested extension, the court noted that the parties "had failed to show that they have used the entire discovery period diligently," but ultimately extended fact discovery to March 12, 2021. (*Id.*)

---

[1] All references to "Ex." are to the exhibits attached to the Gibbs Decl.

### B. The SEC's Request to Re-open Discovery

On March 15, 2021, the SEC filed an *Ex Parte* Application to Extend Close of Fact Discovery or, in the alternative, for an Order Precluding Late-Disclosed Witnesses From Testifying at Trial Other than for Purposes of Impeachment (the "*Ex Parte* Motion") (Ex. 5 (*Ex Parte* Motion).) In the *Ex Parte* Motion the SEC requested that the court reopen fact discovery and allow it to depose six witnesses, including Mr. Goudey, that it claimed Defendants failed to disclose until the day that fact discovery closed. (*Id.* at 1.) In the alternative, the SEC requested an order "precluding those late-disclosed witnesses from testifying in support of Defendants' defenses, other than for purposes of impeachment." (*Id.*) Defendants opposed the *Ex Parte* Motion, arguing that the SEC "was aware of most of these newly-disclosed witnesses through prior disclosures and Defendants' mediation brief." (Ex. 6 (*Ex Parte* Opp.) at 1).) Defendants noted that:

> "the SEC made a strategic decision not to depose any witnesses except for Frost, and requested that his deposition take place during the last week of fact discovery. The SEC never asked for or noticed a single deposition of another witness, never sought to arrange a deposition schedule, never followed up on its request for contact information for certain witnesses, and never asked to meet and confer about witnesses' contact information until after Defendants served their Second Supplemental Rule 26 Disclosures on March 12, 2021."

(*Id.*). On March 26, 2021, the court granted the SEC's *Ex Parte* Motion in part, extending fact discovery to April 23, 2021 "for the purpose of deposing late-disclosed witnesses." (Ex. 7 (*Ex Parte* Order) at 3).)

### C. The SEC's Subpoena to Mr. Goudey

On March 29, 2021, Mr. Goudey received a voicemail from Donald Searles, Senior Trial Counsel with the Enforcement Division of the SEC, informing him that the SEC intended to take Mr. Gouday's deposition. (Gibbs Decl. ¶ 10.) In response, Mr. Goudey's counsel, Patrick Gibbs, contacted Mr. Searles to discuss the proposed subpoena. (Gibbs Decl. ¶ 11.) Mr. Searles relayed to Mr. Gibbs the procedural history set forth above, and informed Mr. Gibbs that the SEC sought to depose Mr. Goudey because Defendants had identified Mr. Goudey as a potential witness. (*Id.*) After some discussion about whether the proposed deposition was necessary, Mr. Searles told Mr. Gibbs that the SEC would proceed with Mr. Goudey's deposition unless the Defendants would confirm that they would not call Mr. Goudey as witness. (*Id.*) With that understanding, Mr. Gibbs

subsequently agreed to accept service of the subpoena and confirmed for Mr. Searles that Mr. Goudey would keep April 23 available for a deposition "in case you need it." (Gibbs Decl. ¶ 13; Ex. 8 (4/6/2021 Email); Ex. 9 (Subpoena).)

In the meantime, Mr. Gibbs had a series of conversations with counsel for Defendants, Ray Marshall, who eventually informed Mr. Gibbs that Defendants had confirmed for the SEC that they would *not* call Mr. Goudey as a witness or assert an advice of counsel defense. (Gibbs Decl. ¶¶ 12, 14). However, Mr. Gibbs also learned that despite Defendants' confirmation, the SEC now sought Defendants' agreement to a series of additional commitments about testimony Defendants would offer from witnesses other than Mr. Goudey, and even about what positions Defendants' counsel would take at trial, before it would agree to forego the deposition of Mr. Goudey. (Gibbs Decl. ¶ 14; (Ex. 10 (4/13/2021 Email).) While Defendants confirmed that they would not "call G[ou]dey as a witness at trial nor seek to establish the advice of counsel defense," they would not agree to the other conditions. (Ex. 10 (4/13/2021 Email).)

On April 14, 2021, Mr. Gibbs reached out to Mr. Searles, reiterating that Defendants had agreed not to call Mr. Goudey as a witness and "[s]ince Shane's appearance on a list of potential witnesses was the reason for seeking his deposition, I don't see any reason for Shane to be deposed." (Gibbs Decl. ¶ 15; Ex. 8 (4/14/2021 Email Chain).) Mr. Gibbs spoke to Mr. Searles and Mr. Marshall again on Saturday April 17, 2021, but the SEC steadfastly refused to forego Mr. Goudey's deposition unless Defendants agreed to at least one of these additional conditions—namely, that Defendants would not seek to elicit testimony from any witness about communications with attorneys at Cooley. (Gibbs Decl. ¶ 16.) Mr. Gibbs informed Mr. Searles that he had learned from Mr. Marshall that Defendant Frost had already declined to answer questions about communications with Cooley during his deposition. (*Id.* ¶ 18.) Mr. Gibbs stressed that any deposition of Mr. Goudey would be a waste of time and resources as Mr. Goudey likely would be instructed not to answer questions on the basis of attorney-client privilege. (*Id.*) Mr. Searles acknowledged that this would be the likely outcome of Mr. Goudey's deposition, but still refused to forego it. (*Id.* at ¶¶ 18, 19) On April 20, 2021, Mr. Gibbs emailed counsel for the SEC and Defendants in the underlying action, informing them that in light of the SEC's refusal to forego Mr. Goudey's deposition, Mr. Goudey

would be moving to quash the Subpoena.  (Gibbs Decl. ¶ 20; Ex. 11 (4/20/21 Email).)  Counsel for the SEC and Defendants did not respond except to inquire, on April 22, 2021, whether Mr. Goudey was still planning to move to quash the Subpoena and whether the motion would be filed that day.  (Gibbs Decl. ¶ 20).

**III.    THE COURT SHOULD QUASH THE SEC'S SUBPOENA AND ENTER A PROTECTIVE ORDER PROHIBITING MR. GOUDEY'S DEPOSITION**

Rules 26(c) and 45(c)(3) of the Federal Rules of Civil Procedure vest this Court with broad authority to protect Mr. Goudey from the annoyance, oppression, burden, and harassment caused by the SEC's deposition subpoena.  Rule 45(c)(3)(A) provides: "On timely motion[2], the court for the district where compliance[3] is required must quash or modify a subpoena that… (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or (iv) subjects a person to undue burden."  Fed. R. Civ. P. 45(c)(3)(A).  Similarly, Rule 26(c) provides that this Court may make any order which justice requires to protect a person from annoyance, oppression or undue burden or expense, including making an order that the disclosure or discovery not be had.  Fed. R. Civ. P. 26(c).

**A.    As a Non-Party, Mr. Goudey is Afforded Special Protection from Burdensome and Harassing Discovery**

"[T]he Ninth Circuit has long held that nonparties subject to discovery requests deserve extra protection from the courts."  *High Tech Med. Instrumentation, Inc. v. New Image Indus., Inc.*, 161 F.R.D. 86, 88 (N.D. Cal. 1995).  Rules 45 and 26 "give ample discretion to district courts to quash or modify subpoenas causing 'undue burden.'"  *Exxon Shipping Co. v. U.S. Dep't of Interior*, 34 F.3d 774, 779 (9th Cir. 1994).  A court should quash a subpoena where "[t]he burden on the third party . . . outweighs the likely benefit of the subpoena at least in the absence of a convincing

---

[2] Mr. Goudey has filed this motion as quickly as practicable given the necessity of first conferring with counsel for the SEC regarding the Subpoena.

[3] Federal Rule of Civil Procedure 45 defines a non-party's place of compliance as "within 100 miles of where the person resides, is employed, or regularly transacts business in person."  Fed. R. Civ. P. 45(c)(1)(A).  Because Mr. Goudey works and resides in the Bay Area and only the "court for the district where compliance is required" has the authority to quash a subpoena, Mr. Goudey brings this motion in the Northern District of California, rather than the Central District where the underlying action is pending.

showing that the subpoena is likely to yield unique and material evidence from the third party." *Nidec Corp. v. Victor Co. of Japan*, 249 F.R.D. 575, 577 (N.D. Cal. 2007).

Here, the SEC has failed to identify *any* non-duplicative information that could be obtained from Mr. Goudey.  Even assuming that Mr. Goudey was privy to non-privileged information relevant to the underlying action (which as discussed below, he is not), any such information would also be in the possession of Defendants and should have been (and was) sought from them.  (*See* Gibbs Decl. ¶¶ 17, 18).  The SEC already had the chance to question Defendant Frost about any conversations he would have had with Mr. Goudey, and it did so.  (*Id.*; Ex. 6 (*Ex Parte* Opp.) at 1).)  It offers no justification for burdening Mr. Goudey with a duplicative deposition seeking the same information.  *See Amini Innovation Corp. v. McFerran Home Furnishings, Inc.*, 300 F.R.D. 406, 412 (C.D. Cal. 2014) ("Preparing and sitting for a deposition is always a burden, even when documents are not requested, particularly for a non-party").

In fact, the SEC's continued attempt to depose Mr. Goudey – even though Defendants have confirmed that they will not call him as a witness – contravenes the order re-opening limited fact discovery in the underlying action.  Fact discovery was re-opened for one purpose: to allow the SEC to "depos[e] late-disclosed *witnesses*" in Defendants' disclosures.[4]  (Ex. 7 (*Ex Parte* Order) at 3) (emphasis added).)  Mr. Goudey is no longer a possible "witness" in the underlying action and Defendants have additionally confirmed that they will not rely on an advice of counsel defense. (Ex. 10 (April 13, 2021 Email).)  As such, any potential for unfair surprise or prejudice to the SEC – and the limited purpose for which fact discovery was reopened – is no longer present as to Mr. Goudey.  The SEC's attempt to use the possible deposition of a non-party as a bargaining chip to get concessions from Defendants about what testimony it will or will not elicit from *other individuals* and what position it will or will not take at trial is inappropriate.  The Court should quash the Subpoena and issue a protective order preventing the SEC's tactics.

---

[4] Nor should the Court allow the SEC to use a very limited fact discovery reopening as an opportunity to seek discovery it chose to forego during actual fact discovery. (Ex. 6 (*Ex Parte* Opp.) at 1); *see also* Ex. 4 (Scheduling Order) at 2) (noting that the parties "failed to show that they have used the entire discovery period diligently").)

**B.     The SEC Subpoena is Further Inappropriate Given Mr. Goudey's Former Role as Attorney to the Entities Involved in the Underlying Action**

The SEC's Subpoena to Mr. Goudey stems entirely from Mr. Goudey's role as a former attorney of FMC and certain affiliated funds, and the information sought by the SEC exclusively concerns information related to the legal advice Mr. Goudey provided those entities. (*See* Gibbs Decl. ¶¶ 9.) Defendants in the underlying action have confirmed that they will not put Mr. Goudey on as a witness for the defense or rely on the advice of counsel defense. (*Id*. ¶ 14; Ex. 10 (4/13/21 Email).) Therefore, there has been no waiver of the privilege between Mr. Goudey and those entities. "Under the attorney-client privilege, confidential communications made by a client to an attorney to obtain legal services are protected from disclosure." *Clarke v. Am. Commerce Nat'l Bank*, 974 F.2d 127, 129 (9th Cir.1992) (citing *Fisher v. U.S.*, 425 U.S. 391, 403 (1976)). The Federal Rules of Civil Procedure affirm this protection, providing this Court with authority to quash any Subpoena that "requires disclosure of privileged or other protected matter, if no exception or waiver applies." Fed. R. Civ. P. 45(c)(3)(A)(iii).

"[C]ourts have quashed subpoenas where the issuing party has failed to explain 'what non-privileged, relevant information [the subpoenaed witness] could offer.'" *Audio MPEG, Inc. v. HP Inc.*, No. 16-mc-80271-HRL, 2017 WL 950847, at *3 (N.D. Cal. Mar. 10, 2017). *Unigene Laboratories, Inc. v. Apotex, Inc.*, is instructive. No. C 07-80218 SI, 2007 WL 2972931 (N.D. Cal. Oct. 10, 2007). There, plaintiffs subpoenaed "one of defendants' former attorneys, who participated in matters related to the ongoing . . . litigation." *Id.* at *1. In quashing the subpoena, the court noted that "'[c]ommunications within the scope of the [attorney-client] privilege are zealously protected'" and found that the deposition of the attorney would be "futile since any information relevant to the controversy, whether technical or legal, falls within the protection of the attorney-client privilege." *Id.* at *3.

So too here, the SEC has failed to offer any explanation of what "non-privileged, relevant information [Mr. Goudey] could offer." (Gibbs Decl. ¶ 18.) The Court need not explore all the questions the SEC might ask of Mr. Goudey at a deposition. It is sufficient to recognize that the vast majority of questions the SEC might ask will be met with invocations of privileges. This

should come as no surprise to the SEC since Defendant Frost declined to answer all questions asked by the SEC at his deposition about his communications with Cooley on privilege grounds. (*Id*. ¶¶ 17, 18.) And counsel for the SEC acknowledged to Mr. Goudey's counsel that he would expect the same would happen during Mr. Goudey's deposition, but that he nonetheless wanted to move forward with the deposition to force Defendants' counsel to instruct Mr. Goudey not to answer. (*Id*. ¶ 18.) In short, the SEC has not identified any reasonable subject within the scope of the Subpoena that would not, in some way, be privileged from discovery. As such, and like the deposition in *Unigene*, the deposition of Mr. Goudy would be "futile" and should be quashed. 2007 WL 2972931, at *3; *see also Trunk v. City of San Diego*, No. 06 CV 1597 LAB (WMc), 2007 WL 2701356, at *7 (S.D. Cal. Sept. 13, 2007) (quashing subpoena where the issuing party could at most perhaps "craft a few relevant and meaningful deposition questions that did not run afoul of" the attorney client privilege to obtain an "extremely limited amount of historical information").

### IV.  CONCLUSION

For the foregoing reasons, Mr. Goudey respectfully requests that this Court exercise its authority and quash the SEC's deposition subpoena and enter a protective order prohibiting the SEC from taking his deposition.

Dated: April 22, 2021                                         COOLEY LLP

                                                             By: */s/ Patrick E. Gibbs*
                                                                  Patrick E. Gibbs

                                                             Attorneys for
                                                             Shane Goudey

249172999